United States District Court
Southern District of Texas
ENTERED

MAR - 8 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. B-00-118-S1-01 |
| OZIEL CARDENAS-GUILLEN | § § § | |

## OPINION & ORDER

BE IT REMEMBERED that on March 8, 2007, the Court considered the parties' Joint Motion to Certify Case as Complex and Motion for Continuance. Dkt. No. 100.

I.   **Background**

On April 9, 2002, Defendant Oziel Cardenas-Guillen ("Defendant") was indicted on seventeen counts of federal law violations.[1] Dkt. No. 59. After being held in the custody of officials for the United Mexican States, Defendant was extradited to the United States of America on January 19, 2007. Dkt. No. 100, at 2. Defendant's extradition was based on sixteen of the seventeen counts contained in the active indictment.[2] *Id*. The charges that remain pending against Defendant include conspiring to possess with intent to distribute more than five kilograms of cocaine and more than 1,000 kilograms of marijuana; conspiring to import into the United States from the United Mexican States more than five kilograms of cocaine and more than 1,000 kilograms of marijuana; engaging in a continuing criminal enterprise; nine counts of possessing with intent to distribute various controlled

---

[1] A five-count indictment was originally filed against Defendant on March 14, 2000. Dkt. No. 1. The indictment dated April 9, 2002 was filed as a superseding indictment, and it therefore forms the basis of the instant criminal action. Dkt. No. 59.

[2] The Government did not seek extradition on Count Five of the superseding indictment. Dkt. No. 100, at 2.

substances; three counts of threatening to assault and murder federal agents or those working in cooperation and under the control of federal officers; and conspiring to launder monetary instruments. Dkt. No. 59; Dkt. No. 100, at 2. In the instant motion, the Government and Defendant jointly request that the Court "certify" the case as complex, pursuant to 18 U.S.C. § 3161(h)(8)(A), (B)(ii). Dkt. No. 100, at 1, 6. Furthermore, the parties request that the Court grant a continuance of this case based on the complexity of the matter and the ends of justice, also pursuant to 18 U.S.C. § 3161(h)(8)(A), (B)(ii). *Id.* Accordingly, the parties request that amendments be made to deadlines contained in the case Scheduling Order, Dkt. No. 98. *Id.* at 6.

## II.    Standard

The Speedy Trial Act governs the time limits within which a trial of a Defendant charged with an offense must commence. 18 U.S.C. § 3161 *et seq.* However, certain enumerated grounds may serve as bases for excluding particular periods of delay when computing the time period within which a Defendant's trial must commence. *Id.* at § 3161(h); Zedner v. United States, 126 S. Ct. 1976, 1983 (2006); United States v. Jones, 56 F.3d 581, 583 (5th Cir. 1995). Thus, "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner*, 126 S. Ct. at 1983. The Act provides courts with some flexibility in determining whether continuances are justified by allowing for continuances based on a finding that the ends of justice served by granting a delay in proceedings "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A); *Zedner*, 126 S. Ct. at 1983–84. A court may consider the complexity of a case as a factor in determining whether an "ends of justice" continuance is warranted. 18 U.S.C. § 3161(h)(8)(B)(ii), (iv). Whether a criminal case is complex within the meaning of the statute will be determined by "the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law," such that it would be unreasonable for parties to effectively prepare the matter for pretrial or trial proceedings within the time limits imposed by statute. *Id.*

### III.  Analysis

The Government and Defendant cite numerous aspects of the instant action in support of their requests to certify the case as complex and receive a continuance of this matter on the basis of its complexity. Dkt. No. 100. The parties state that the Government intends to introduce evidence at trial covering a period of four and one-half years, and which dates back nine years, and will involve hundreds of law enforcement reports. *Id.* at 2. Additionally, the Government intends to call over one hundred witnesses at trial, many of whom are either in custody of the Bureau of Prisons or residing overseas. *Id.* at 2–3. The parties maintain that the extensive discovery involved in this case also establishes that the instant action is a complex matter. *Id.* at 3–4. Such discovery involves at least nineteen seizures of controlled substances and currency attributable to Defendant, seized, relevant documents exceeding one thousand pages, thousands of relevant intercepted conversations (most of which are in the Spanish language), more than fifty consensual recordings of conversations, and hundreds of pages of transcripts pertaining to recorded conversations. *Id.* Furthermore, the parties state that Defendant's designation as a "kingpin" has complicated his ability to secure permanent representation by counsel.[3] *Id.* at 4. Thus, although attorneys have made special appearances on behalf of Defendant in his court proceedings to date, Defendant had not obtained permanent counsel on an unqualified basis as of the date the instant motion was filed. *Id.*; see Dkt. Nos. 90, 95. Because of the sensitive nature of some of the evidence in this case, the Government is hesitant to freely release such discovery to Defendant's counsel until they are retained on a permanent basis. Dkt. No. 100, at 4. Additionally, unique security precautions taken with respect to Defendant and this matter have limited Defendant's contact with his attorneys. *Id.*

At this time, the Court holds that the instant criminal action is complex within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii), (iv). The Court finds that, when viewed together under the totality of the nature of the prosecution, the scope and volume of evidence

---

[3]Because of Defendant's designation, attorneys must undergo special licensing requirements prior to being officially retained as Defendant's counsel, pursuant to regulations of the Office of Foreign Assets Control. Dkt. No. 90.

represented by the parties to be relevant to this matter, the temporal scope of the investigation, and the delay in pretrial proceedings due to Defendant's difficulties in securing permanent representation by counsel provide appropriate bases for the Court's holding. *See* United States v. Bieganowski, 313 F.3d 264, 282 (5th Cir. 2002); United States v. Chalkias, 971 F.2d 1206, 1211 (6th Cir. 1992); United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1197–98 (2d Cir. 1989); United States v. Kamer, 781 F.2d 1380, 1389–90 (9th Cir. 1986); United States v. Thomas, 774 F.2d 807, 810 (7th Cir. 1985).

Furthermore, the Court determines that a continuance is warranted in this case so that both the Government and Defendant may have a reasonable time for effective preparation for pretrial and trial proceedings. The Court concludes that, based on the complexity of the instant action as set forth above, "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" set forth by statute. 18 U.S.C. § 3161(h)(8)(B)(ii), (iv). Thus, the Court finds that the ends of justice served by granting a continuance of this case outweigh the best interests of the public and Defendant in a speedy trial. *Id.* at § 3161(h)(8)(A).

Nevertheless, the Court finds that it would be inappropriate to "certify"[4] this case as complex. *See* Dkt. No. 100, at 1, 6. Although the Court holds that the case is complex at this time and a continuance on that particular basis is presently justified, a certification of this case as complex would serve as a basis for tolling the time for trial for any continuances which may be granted by the Court in the future. *See* 18 U.S.C. § 3161(h)(8)(A), (B)(ii). Thus, a certification would effectively operate as an open-ended continuance, which is generally disfavored under circumstances in which the parties are reasonably able to estimate the length of time necessary for a justifiable continuance. *See Jones*, 56 F.3d at 585–86 (5th Cir. 1995) ("We do not mean to suggest, however, that a

---

[4]Although certification is not expressly provided for in the plain language of the Speedy Trial Act, some courts have, in fact, certified cases as being complex. 18 U.S.C. § 3161 *et seq.*; *see, e.g.,* United States v. Washington, 2007 WL 496398, *2 (W.D. La. 2007); United States v. Williams, 2006 WL 3533143, *2 (W.D. La. 2006); *see* United States v. Hayes, 40 F.3d 362, 364 (11th Cir. 1994).

district court never has the authority to grant an open-ended continuance, merely that such a continuance for any substantial length of time is extraordinary and must be adequately justified by the circumstances of the particular case. . . . There will be some situations in which it is impossible, or at least difficult, for the parties or the court to gauge the length of an otherwise justified continuance."); see also id. at 586 ("[I]t is generally preferable to limit a continuance to a definite period for the sake of clarity and certainty. . . ." (citing United States v. Rush, 738 F.2d 497, 508 (1st Cir. 1984))).

. In the present case, the Government and Defendant have articulated a specific period of time in which they reasonably expect to be able to effectively prepare for the trial of this matter. Dkt. No. 100, at 6. Therefore, in order to promote the overall objectives of the Speedy Trial Act and ensure the best interests of Defendant and the public in a speedy trial, the Court declines to certify the instant action as complex. See Zedner, 126 S. Ct. at 1990 (stating that Congress recognized the possibility that the Speedy Trial Act's flexibility might "subvert the Act's detailed scheme [and] [t]he strategy of § 3161(h)(8), then, is to counteract substantive openendedness with procedural strictness"); see also United States v. Clymer, 25 F.3d 824, 828–29 (9th Cir. 1994) (discussing the Ninth Circuit's requirement that continuances tolling the Speedy Trial Act must be "specifically limited in time" and stating that the legislative purpose behind the Speedy Trial Act and the "ends of justice" exclusion "could be seriously distorted if a district court were able to make a single, open-ended 'ends of justice' determination early in a case, which would 'exempt the entire case from the requirements of the Speedy Trial Act altogether.'" (quoting United States v. Jordan, 915 F.2d 563, 565–66 (9th Cir. 1990))); United States v. Eloy Sanchez Guerrero, Criminal No. B:06-801-S1, Dkt. No. 93, at 2 (S.D. Tex. Oct. 31, 2006).

### IV.     Conclusion

Based on the foregoing, the Court **GRANTS IN PART and DENIES IN PART** the parties' Joint Motion to Certify Case as Complex and Motion for Continuance. Dkt. No. 100. The Court **GRANTS** the motion as to the parties' request for a continuance on the basis of the complexity of the instant action. The Court **DENIES** the motion as to the

parties' request to "certify" the case as complex. Accordingly, the Court **AMENDS** the Scheduling Order of this case, Dkt. No. 98, as follows:

| | |
|---|---|
| Deadline for filing Motions: | August 15, 2007 |
| Deadline for filing Responses: | September 14, 2007 |
| Motion Hearing before Judge Tagle: | October 9, 2007 at 9:00 a.m. |
| Final Pretrial Conference before Judge Tagle: | October 30, 2007 at 1:30 p.m. |
| Jury Selection: | November 5, 2007 at 9:00 a.m. |

Finally, the Court **HOLDS** that the present continuance of this case will be operative from the date of this Opinion & Order until August 15, 2007, inclusive. The period of delay caused as a result of the granting of this motion shall be excluded in computing the time within which the trial of this case must commence. 18 U.S.C. § 3161(h).

DONE at Brownsville, Texas, this ___8___ th day of March, 2007.

Hilda G. Tagle
United States District Judge