UN Sealed 2/26/10 per DK #252
Public and unofficial staff access to this instrument are prohibited by court order.

United States District Court
Southern District of Texas
FILED

JUL 3 0 2009

Clerk of Court

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CRIMINAL NO. B-00-118-S1-01 |
| **OSIEL CARDENAS-GUILLEN** | § | |

## PLEA AGREEMENT

COMES NOW the United States of America, by and through its attorneys Tim Johnson, United States Attorney for the Southern District of Texas, and the undersigned Assistant United States Attorney, and Defendant, **OSIEL CARDENAS-GUILLEN**, and Defendant's counsel, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and state that they have entered into an agreement, the terms and conditions of which are as follows:

1. Defendant agrees to plead guilty to Counts One, Fourteen, Fifteen, Sixteen, and Seventeen of the Indictment. Count One of the indictment charges Defendant with Conspiracy to Possess with Intent to Distribute Controlled Substances, in particular, more than 5 kilograms of cocaine and more than 1000 kilograms of marijuana, in violation of Title 21, United States Code, §§ 846, 841(a)(1), and 841(b)(1)(A); Counts Fourteen, Fifteen and Sixteen of the indictment charge Defendant with Threatening to Murder a Federal Law Enforcement Officer, in violation of Title 18, United States Code, § 115 and Title 18, United States Code, § 2 ; and Count Seventeen charges Defendant with Conspiracy to Launder Monetary Instruments, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(2)(A), and 1956(h). Defendant agrees that a sentence of imprisonment for twenty-five (25) years as to Count One, five (5) years as to Counts

Fourteen, Fifteen, and Sixteen, and twenty (20) years as to Count Seventeen, to run concurrently, is the appropriate disposition of the case. Defendant further agrees that any fine and/or restitution, as well as the term of supervised release, will be determined by the Court. Defendant further agrees to forfeit to the United States fifty (50) million dollars and further agrees to the imposition of a money judgment in that amount.

2. In exchange for Defendant's plea of guilty and truthful testimony to the Court at the time of Defendant's rearraignment and sentencing and for Defendant's truthful rendition of facts to the U. S. Probation Department for the preparation of Defendant's Pre-sentence Investigation Report, the United States agrees that a sentence of imprisonment for twenty-five (25) years as to Count One, five (5) years as to Counts Fourteen, Fifteen, and Sixteen, and twenty (20) years as to Count Seventeen, to run concurrently, is the appropriate disposition of the case. The United States further agrees that any fine and/or restitution, as well as the term of supervised release, will be determined by the Court. In addition, the United States agrees that no further federal criminal charges will be brought against Defendant in the Southern District of Texas for acts committed prior to the date of his extradition to the United States, and the United States will move, after sentencing, to dismiss the remaining counts of the superseding indictment and the original indictment against him with prejudice.

3. The penalty for each violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A), includes imprisonment for not less than ten (10) years or more than life,[1] a fine of not to exceed $4,000,000, or both; and a period of supervised release

---

[1] At the time the United States formally requested the extradition of Osiel Cardenas-Guillen, the United States provided a letter to the Government of Mexico

of at least five (5) years. The penalty for each violation of Title 18, United States Code, Section 115, includes imprisonment for not more than 5 years or a fine of not more than $250,000, or both; and a period of supervised release of not more than three (3) years. The penalty for each violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(2)(A), and 1956(h), includes a fine of not more than $500,000 or twice the value of the monetary instruments or funds involved in the transportation, transmission, or transfer whichever is greater, a maximum term of twenty (20) years imprisonment, or both; and a period of supervised release of three (3) years. Defendant also acknowledges and understands that if (s)he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. Defendant is not eligible for parole for any sentence imposed.

4. Defendant will pay to the United States District Clerk a special assessment in the amount of one hundred dollars ($100.00) per count of conviction, as required in Title 18, United States Code, Section 3013(a)(2)(A). The payment will be by certified check payable to United States District Clerk, Brownsville, Texas 78520.

5. Defendant understands that under the Sentencing Guidelines, the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the United States for the costs of any imprisonment or term of supervised release; if any is ordered.

---

assuring them that neither the death penalty nor life imprisonment would be sought nor imposed in this case, and the giving of such assurances was an express official condition of the extradition.

6. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.

7. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he/she is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of Defendant's sentence, Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his/her sentencing.

8. Defendant agrees that the factual basis for his guilty plea supports the forfeiture of at least $50,000,000.00. Defendant agrees to a personal money judgment against him and in favor of the United States for fifty (50) million dollars.

9. Defendant admits that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists. Defendant agrees to forfeit any of his property including his interest in any property, up to the value of any unpaid portion of the money judgment and until the money judgment is fully satisfied. Defendant agrees to assist the United States in satisfying the fifty (50) million dollar money judgment and agrees to disclose all assets over which Defendant exercises control, direct or indirect, or in which Defendant has any financial interest.

10. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks that have custody of Defendant's assets to deliver all funds and records of such assets to the United States.

4

11. Defendant consents to the order of forfeiture becoming final as to the Defendant immediately following this guilty plea pursuant to Fed.R.Crim. P. 32.2(b)(3). Defendant waives the right to challenge the forfeiture of property, in any manner, including by direct appeal or in a collateral proceeding.

12. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined **on any grounds set forth in Title 18 U.S.C. § 3742.** Additionally, Defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. § 2255**. If Defendant files a notice of appeal following the imposition of sentence, the United States will seek specific performance of this provision.

13. In exchange for the Agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c) Defendant's plea is later withdrawn.

14. In agreeing to these waivers, Defendant is aware that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(C), the Court may accept the agreement, reject it, or defer a decision until the Court has reviewed the presentence

report. Defendant is further aware that if the Court accepts the plea agreement, the agreed disposition will be included in the judgment and Defendant will be sentenced to serve a term of imprisonment of twenty-five (25) years on Count One, five (5) years as to Counts Fourteen, Fifteen, and Sixteen, and twenty (20) years as to Count Seventeen, with the sentences to run concurrently, and that a fine and/or restitution, if any, as well as the terms of supervised release, will be determined by the Court. In addition, pursuant to the terms of the plea agreement, a judgment of forfeiture against the Defendant in the amount of fifty (50) million dollars will be entered by the Court.

15. Defendant is further aware that if the Court rejects the plea agreement, the Court must inform the parties that the Court rejects the plea agreement; advise Defendant personally that the Court is not required to follow the plea agreement and give Defendant an opportunity to withdraw the plea; and advise Defendant personally that if the plea is not withdrawn, the Court may dispose of the case less favorably toward Defendant than the plea agreement contemplated. Defendant understands that if the Court rejects the plea agreement and Defendant does not withdraw his plea, the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines, which are advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). The Court may also order that any or all of the sentences imposed run consecutively.

16. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in paragraph 2 of this plea agreement.

17. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office; and,

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a).

18. Defendant is aware that if the Court accepts the plea agreement, the agreed disposition will be entered in the judgment.

19. Defendant represents to the Court that he/she is satisfied that his/her attorneys have rendered effective assistance. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-

examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court.

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

20. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

21. This written plea agreement, consisting of ten (10) pages, including the attached certifications of Defendant and his/her attorney, as well as the addendum to the plea agreement, consisting of three (3) pages, including the attached certifications of Defendant and his/her attorney, constitute the complete plea agreement between the United States, Defendant and his/her counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant

8

acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

22. Any modification of this plea agreement must be in writing and signed by all parties.

_____
Defendant

APPROVED:

_____
Assistant U. S. Attorney

_____
Michael Ramsey
Attorney for Defendant

_____
Roberto Yzaguirre
Attorney for Defendant

_____
C.J. Quintanilla
Attorney for Defendant

_____
Chip B. Lewis
Attorney for Defendant

9

## CERTIFICATION BY THE DEFENDANT

I have consulted with my counsel and fully understand all my rights with respect to the charge(s) pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

_____     _____
Defendant                                           Date

## CERTIFICATION BY ATTORNEY

I have fully explained to the defendant, his rights with respect to the pending indictment/information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____     _____
Counsel for Defendant                         Date

10